# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JOHN ROBERT DEMOS, JR.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

CASE NO. MS09-0164JLR

ORDER

    This matter comes before the court on Plaintiff John Robert Demos, Jr.'s proposed motion to vacate his conviction (Dkt. # 1). For the reasons stated below, the court directs the Clerk to return Mr. Demos's motion to him without filing it.

    Mr. Demos was convicted in 1978 of attempted rape and first-degree burglary and was sentenced to an indeterminate sentence of 240 months to life in prison. Mr. Demos is well-known locally and nationally as an abusive litigant. He is under pre-bar filing orders in a number of courts, including this one, the Eastern District of Washington, the Washington State Courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g., Demos v. Storrie*, 507 U.S. 290, 291 (1991). An order of this court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253, or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, No. MS97-0031 (W.D. Wash. Mar. 13, 1997).

ORDER – 1

1  Mr. Demos alleges that he was charged for his crimes "by way of information rather than by way of grand jury indictment," and that this violates the Fifth Amendment to the United States Constitution. (Mot. at 1.) The court finds that this motion is a mislabeled petition for a writ of habeas corpus, as Mr. Demos seeks his release from prison by attacking the constitutionality of his conviction. Mr. Demos cannot avoid this court's pre-filing bar order in this manner.

The court finds that Mr. Demos has not submitted the filing fee for this petition for a writ of habeas corpus.[1] Pursuant to the court's order of March 13, 1997, the court orders the Clerk to return Mr. Demos's petition to him without filing it.

Dated this 10th day of November, 2009.

JAMES L. ROBART
United States District Judge

---

[1] Mr. Demos asks the court to allow him to proceed in forma pauperis. (Mot. at 4.) Mr. Demos may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, No. MS91-269 (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Furthermore, under 28 U.S.C. § 1915(g), Mr. Demos must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as either frivolous or malicious, or for failure to state a claim. *See Demos v. Lehman*, No. MS99-113 (W.D. Wash. Aug. 23, 1999). Mr. Demos has already exhausted his three IFP applications for 2009. *See* Nos. MC09-102-JLR; MC09-115-JLR; and MC09-117-JLR. Moreover, his proposed complaint does not contain "a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (internal citations omitted). The court therefore denies his request.

ORDER – 2